## Commonwealth v. Hazzard

*David C. Patten,* for Commonwealth.
*Bernard Segal,* for defendant.

RILEY, J., November 13, 1969.—Defendant was convicted of an offense "of failure to have a kennel license" covering a number of dogs in his possession. Defendant sought to take an appeal, which appeal the Commonwealth has moved to quash. To avoid unnecessary appearances in event the motion was denied, we permitted testimony on the merits.

Unfortunately, we must sustain the motion to quash the appeal. We say "unfortunately," because it is obvious that defendant has been convicted of an offense that does not exist and has been fined where no fine was authorized. The Minor Judiciary Court Appeals Act of December 2, 1968 (Act no. 355), 42 PS §3003, provides as to the taking of an appeal "The appeal from a summary conviction shall be taken within ten days *by* filing with the officer of the common pleas court designated by rule of said court to receive such papers, a notice of appeal and by depositing bail with said officer in the amount of twenty-five dollars ($25) if the fine and costs were paid upon conviction." (Italics supplied).

Here, defendant filed his appeal notice in the prothonotary's office instead of the designated clerk of courts, and did not post the $25 until some time later when notified by the clerk of courts that such bail had not been posted. As to the filing, the prothonotary certified the papers to the clerk's office and substantial compliance was had. However, it appears beyond argument that there are two requisites to perfect the appeal, namely, the filing of notice and posting of bail. Defendant's argument that there was no time limit upon the posting of bail would entirely distort the words and plain meaning of the statute. The "appeal" consists of filing the notice "*and*" bail and the appeal must be taken within 10 days.

There is, of course, no requirement that anyone obtain a kennel license. A kennel certificate may be had in lieu of having each dog licensed. The legal requirement is that all dogs be licensed, but where a kennel is involved, the owner may obtain a certificate instead which entitles to certain privileges and entails certain obligations not involved in individual licenses.

While we must quash the appeal as not having been taken within the statutory time limit, it is obvious from the face of the record of the justice that there was no violation of any law, and that any fine and/or costs were illegal. We, of course, take no position at this time or in these proceedings of what disposition would be made were certiorari to be taken, a remedy allowed by the Act of 1968 in addition to right of appeal, in light of the illegality appearing upon the face of the record.

As above indicated, although we believe injustice has been done, we may not distort the law relating to appeal procedure to correct the error. The motion of the Commonwealth is sustained, and the appeal is quashed.